## GAUVEY v. JOHNSON.

### No. 4551.

Court of Civil Appeals of Texas. El Paso.

March 4, 1948.

Rawlins & Linne, of Monahans, for appellant.

Thomas L. White, of Monahans, for appellee.

McGILL, Justice.

From the judgment of the County Court of Ward County in favor of appellee against appellant for $287.00 for unpaid straight time, for overtime wages, liquidated damages and attorneys fees under Title 29 U.S.C.A., Section 216, Sec. 16 of the Fair Labor Standards Act of 1938, appellant has perfected this appeal.

Plaintiff alleged that a substantial part of defendant's business was devoted to the handling of goods in interstate commerce, and that as a result of defendant being engaged in Interstate commerce both he and his employees were covered by the Fair Labor Standards Act and bound by the provisions thereof in respect to time worked by employees in excess of forty hours per week. Defendant answered by general denial and a cross action which is immaterial on this appeal. An agreed statement of facts discloses that plaintiff testified that he was employed by defendant as a truck driver on July 10, 1947, at Monahans, with an understanding that he would not work for less than $1.00 per hour; that for the week of July 10th to 15th he worked 57 hours for which he was paid $57.00, for the weeks of July 16th to July 31st, inclusive, he worked 150 hours for which he was paid $140.00, and for the week of August 1 to August 7th he worked 96 hours for which he was paid $84.00; that approximately one-half of his time was spent driving defendant's trucks on trips and one-half working on defendant's trucks in his truck yard, and in loading and unloading his trucks; that he made one trip into the state of New Mexico and was subsequently assigned to haul small houses belonging to defendant to be used for his employees from Brady to Monahans. He claimed that defendant owed him $16.00 for unpaid straight time and $68.50 for overtime. The only other witness was defendant's wife, who was offered by plaintiff. She testified that

she was defendant's office manager; that defendant agreed to pay plaintiff $1.00 per hour prior to his employment; that sixteen hours was deducted from plaintiff's time sheet because plaintiff did not work the number of hours reported by him to the office because no one worked more than eight hours in the shop or on the yard; that defendant is a specialized motor carrier under a permit issued by the Interstate Commerce Commission and prior to August 25, 1947, defendant had a New Mexico permit to haul interstate commerce and was permitted to make four trips into the state of New Mexico during the thirty day period; that defendant is in the trucking business with trucks for hire and usually hauled oil field equipment and supplies as well as other items so long as same was within the operating territory granted to defendant by the Railroad Commission of Texas. Defendant offered no testimony.

Under the above statement it is apparent that appellee was not engaged in the production of goods for commerce within the purview of Section 7 of the Fair Labor Standards Act, 29 U.S.C.A. Sec. 207; that he was "engaged in commerce" under this section when he made the trip into New Mexico as a truck driver is likewise apparent; also if the trucks on which he worked in defendant's yard were used to haul oil field equipment and supplies or other freight or commodities in interstate commerce plaintiff was engaged in such commerce when he worked on the trucks, and the Interstate Commerce Commission had the power to establish his qualifications and maximum hours of service under Section 204(a) (3) of the Motor Carrier Act of 1935, 49 U.S.C.A. § 304(a) (3). As to full time employees of contract or private carriers see Southland Gasoline Co. v. Bayley, 319 U.S. 44–50, 63 S.Ct. 917, 87 L.Ed. 1244, and Levinson v. Spector Motor Service, 330 U.S. 649, 67 S.Ct. 931, 91 L.Ed. ——, ——, ——; and that the same power exists in the Interstate Commerce Commission as to employees engaged in interstate commerce during part of the time of their employment was definitely determined in Morris v. McComb, 332 U.S. 422, 68 S.Ct. 131, 92 L.Ed. ——. This being so, under all of these authorities in face of the exemp-

tion stated in Sec. 13(b) (1) of the Fair Labor Standards Act, 29 U.S.C.A. Sec. 213 (b) (1) the requirement of Section 7 of that Act, 29 U.S.C.A. Sec. 207, has no application.

The evidence is sufficient to sustain the court's judgment insofar as it awards $16.-00 for straight time due appellee, and costs in the trial court. It is accordingly affirmed as to these items. The judgment for overtime, liquidated damages and attorneys fees under the Fair Labor Standards Act is reversed and here rendered for appellant. The costs of this appeal are adjudged against appellee.

Affirmed in part and reversed and rendered in part.